UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | Criminal No. 11-253-06 (CKK) |
| AARON PATRICK JONES,<br>Defendant. | SEALED |

## **MEMORANDUM OPINION**
(June 12, 2018)

Defendant Aaron Patrick Jones is presently serving a sentence of 120 months imprisonment, followed by 60 months of supervised release, after having pled guilty to one count of Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of Cocaine and 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii) and (iii). *See* May 31, 2012 Judgment, ECF No. 139. Proceeding *pro se*, Mr. Jones has filed a motion pursuant to 18 U.S.C. § 3582(c)(2), requesting that this Court reduce his term of imprisonment. *See* Defendant's Motion for Reduction of Sentence, ECF No. 217 (docketed as "Retroactivity Prep Documents").[1] For the reasons stated herein, Defendant's motion is DENIED.

Defendant's Motion relies upon the application of United States Sentencing Guidelines ("Guidelines") Amendment 782, which lowered the base offense levels for most drug offenses, and Amendment 788, which allowed the retroactive application of Amendment 782. In determining whether a sentence reduction is warranted under 18 U.S.C. § 3582, this Court analyzes Defendant's Motion under a two-step inquiry, as set forth in *Dillon v. United States*, 560 U.S. 817

---

[1] Because this Order references documents that are not publicly available, it is being sealed.

1

(2010). Accordingly, the Court must first determine whether Mr. Jones is eligible for a sentence reduction under §3582(c)(2), and if so, to what extent, and second, whether or not a reduction is warranted in consideration of the factors set out in 18 U.S.C. § 3553(a).

The Court begins by considering whether Defendant is eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). Pursuant to § 3582(c)(2), courts may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But where the application of a retroactive amendment to the Guidelines does not result in a different Guidelines sentencing range for the defendant, that defendant is not entitled to a reduction in his sentence. *See United States v. Berry*, 618 F.3d 13, 17 (D.C. Cir. 2010) ("Section 1B1.10(a)(2)(B) of the Guidelines prohibits sentence modifications under § 3582(c)(2) if a retroactive Guideline amendment 'does not have the effect of lowering the defendant's applicable guideline range.'") (quoting U.S.S.G. § 1B1.10(a)(2)(B)). Finally, the Court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended Guidelines range, unless Defendant contributed substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(A).

Accordingly, a defendant is eligible for a reduction under § 3582(c) if and only if (1) the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines, (2) the retroactive amendment to the Guidelines has the effect of lowering the defendant's applicable guideline range, and (3) the reduction does not result in a sentence that is less than the minimum of the amended guideline range, unless the defendant contributed substantial assistance to authorities. *See* U.S.S.G. § 1B1.10; *Berry*, 618 F.3d at 17.

The Court begins its analysis of whether Defendant is eligible for a sentence reduction under § 3582(c) by looking to whether his prison sentence was "based on" a Guidelines range that has subsequently been lowered.[2] "For a sentence to be 'based on' a [] Guidelines range, the range must have at least played 'a relevant part [in] the framework the [sentencing] judge used' in imposing the sentence." *Koons v. U.S.*, No. 17-5716, 2018 WL 2465190, at *5 (U.S. Jun. 4, 2018) (quoting *Hughes v. U.S.*, No. 17-155, 2018 WL 2465187, at *11 (U.S. Jun. 4, 2018)). Holdings from the Supreme Court and various circuits suggest that, when a Defendant is sentenced to a mandatory minimum term of imprisonment that is *higher* than his or her recommended Guidelines range, the sentence is not "based on" the Guidelines, but on the mandatory minimum. *See, e.g., Koons*, 2018 WL 2465190, at *4; *U.S. v. Cook*, 594 F.3d 883, 886 (D.C. Cir. 2010); *U.S. v. Mills*, 613 F.3d 1070, 1077-78 (11th Cir. 2010). In those cases, the mandatory minimum effectively supersedes the Guidelines range, which then drops out of the sentencing framework and is not considered by the judge. *See U.S. v. Valle*, 635 Fed.Appx. 708, 710 (11th Cir. 2015).

In this case, however, Mr. Jones' mandatory minimum sentence of 120 months fell *within* his Guidelines range of 120 to 135 months. Probation Memo, ECF No. 233. And when the mandatory minimum falls within or below the defendant's Guidelines range, the sentencing guidelines require the district judge to impose a sentence equal to or greater than the mandatory minimum but "within the applicable guideline range." U.S.S.G. § 5G1.1(c). The sentencing judge in this case was accordingly required to consider Mr. Jones' Guidelines range (120-135 months)

---

[2] As a preliminary matter, Defendant was sentenced in accordance with a written plea agreement executed pursuant to F.R.C.P. Rule 11(c)(1)(C). *See* Plea Agreement as to Aaron Patrick Jones, ECF No. 63. The fact that Defendant's sentence was based on a Rule 11(c)(1)(C) plea agreement, however, does not categorically bar a § 3582(c) motion as his sentence could still have been "based on" the Guidelines' sentencing range. *Hughes v. U.S.*, No. 17-155, 2018 WL 2465187, at *12 (U.S. Jun. 4, 2018).

3

as part of her sentencing framework. Accordingly, Mr. Jones' sentence was "based on" the Guidelines, as they played a relevant part in the sentencing judge's framework. *See Valle*, 635 Fed.Appx. at 710.

The second part of the inquiry into whether Defendant is eligible for a sentence reduction under § 3582(c) looks to whether the retroactive amendment to the Guidelines had the effect of lowering Defendant's Guidelines range. When Mr. Jones was sentenced, his Guidelines range was 120 to 135 months' imprisonment. Probation Memo, ECF No. 233. Absent his mandatory minimum, the amendment would have lowered his range to 87 – 108 months. *Id.* But because his mandatory minimum of 120 months was greater than the 87 – 108 month range, the amendment only lowered his range to 120 months. *Id.*; *see also* U.S.S.G. § 5G1.1(b)("[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). Amendment 782 accordingly had the effect of reducing Defendant's range from 120 – 135 months to 120 months. Although the amendment did not lower the bottom end of Defendant's range, it had the effect of reducing his overall range because, "had [Defendant] been sentenced originally to a term longer than the statutory minimum (between 120 and 135 months), he would have been eligible for a sentence reduction notwithstanding the fact that the low end of his range did not change." *Valle*, 635 Fed.Appx. at 710 (parenthetical in original). The Court accordingly concludes that the amendment had the effect of reducing Defendant's applicable Guidelines range.

The third and final analysis looks to whether Defendant's proposed sentence reduction would result in a sentence that is less than the minimum of the amended guidelines. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment…to a term that is less than the minimum of the amended guideline range"). Here, the minimum of the

4

amended guidelines is 120 months. Probation Memo, ECF No. 233. Mr. Jones, however, asks the Court to reduce his sentence to 97 to 108 months. Petitioner's Mot. For a Reduction of his Sentence, ECF No. 217, at 3. Mr. Jones is ineligible for a reduced term of imprisonment under § 3582(c)(2) because the Court is not authorized to reduce his term of imprisonment below 120 months. U.S.S.G. § 1B1.10(b)(2)(A). Because Mr. Jones is not eligible for a reduction under step one of the inquiry, which looks to § 3582(c)(2), the Court need not engage in step two, which involves analyzing the factors set out in 3553(a).

*COLLEEN KOLLAR-KOTELLY*
United States District Judge